**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **JESSE C. BURCIAGA AND** | § | |
| **EDNA K. BURCIAGA,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:14-cv-367** |
| | § | |
| **DEUTSHE BANK NATIONAL** | § | |
| **TRUST COMPANY, NATIONAL** | § | |
| **ASSOCIATION,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |
| **DEUTSCHE BANK NATIONAL TRUST** | § | |
| **COMPANY, AS TRUSTEE FOR** | § | |
| **MORGAN STANLEY ABS CAPITAL I** | § | |
| **INC. TRUST 2003-NC8,** | § | |
| | § | |
| **Counter-Plaintiff,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **JESSE C. BURCIAGA AND** | § | |
| **EDNA K. BURCIAGA,** | § | |
| | § | |
| **Counter-Defendants,** | § | |

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2003-NC8'S ORIGINAL COUNTERCLIAM**

Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2003-NC8 ("Deutsche Bank"), complaining of Jesse C. Burciaga and Edna K. Burciaga (the "Burciagas"), files this Original Counterclaim, and states as follows:

# I.
# PARTIES

1.      Defendant/Counter-Plaintiff is Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2003-NC8.

2.      Plaintiff Jesse C. Burciaga, an individual and citizen of the State of Texas, has already made an appearance in this matter and may be served through his attorneys of record at c/o Roger M. Yale, Jane M. Gekham, J. Kevin Young, and the law firm of Yale 1417 E. McKinney Street, Suite 220, Denton, Texas 76209.

3.      Plaintiff Edna K. Burciaga, an individual and citizen of the State of Texas, has already made an appearance in this matter and may be served through her attorneys of record at c/o Roger M. Yale, Jane M. Gekham, J. Kevin Young, and the law firm of Yale 1417 E. McKinney Street, Suite 220, Denton, Texas 76209.

# II.
# PROPERTY

4.      This proceeding concerns the following real property and improvements:

> LOT 13, BLOCK 50 OF REMINGTON PARK AT BRIDLEWOOD, PHASE 3, AN ADDITION TO THE CITY OF FLOWER MOUND, DENTON COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET N, SLIDE 272, PLAT RECORDS, DENTON COUNTY, TEXAS, and commonly known as 4809 Amber Court, Flower Mound, Texas 75028 (the "Property").

# III.
# DIVERSITY JURISDICTION AND VENUE

5.      This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiffs/Counter-Defendants the Burciagas and Defendant/Counter-Plaintiff Deutsche Bank and the amount in controversy exceeds $75,000.00, as further detailed in Deutsche Bank's Notice of Removal.  28 U.S.C. § 1332.

**IV.**
**FACTS**

6.      The foregoing paragraphs are incorporated by reference for all purposes.

7.      On or about May 29, 2003, the Burciagas executed a Texas Home Equity Fixed/Adjustable Rate Note in the original principal amount of $344,000.00 originally payable to New Century Mortgage Corporation (the "Note").  The Note was secured by a Texas Home Equity Security Instrument of even date with a lien on the Property, which was recorded on or about June 9, 2003 in the Denton County Real Property Records as Instrument Number 2003-R0089309 (the "Security Instrument").

8.      The Note and interest in the Security Instrument were subsequently assigned to Plaintiff.

9.      The Burciagas defaulted on their obligations under the Note and Security Instrument.

10.      Deutsche Bank filed a judicial foreclosure action styled, *In re: Order for Foreclosure Concerning 4809 Amber Court, Flower Mound, Texas 75028 ("Property Mailing Address") under Tex. R. Civ. P. 736*, Cause No. 2013-50819-367 in the 367th Judicial District Court of Denton County, Texas ("the Foreclosure Action").

11.      On December 13, 2013, the court issued a Home Equity Foreclosure Order in the Foreclosure Action.  A true and correct copy of the Order is attached hereto as Exhibit A.  The Home Equity Foreclosure Order provided, among other things, that Deutsche Bank could proceed with a foreclosure of the loan and sale of the Property.  *See* Exhibit A.  The Foreclosure Suit was closed the same day.

12.     Deutsche Bank did not immediately foreclose because Deutsche Bank and the Burciagas attempted to work out a modification of the loan.  An agreement to modify was not reached, and Deutsche Bank posted the Property for a May 6, 2014 sale.

13.     A copy of the Foreclosure Order was provided to the Burciagas as required. Additionally, a Notice of Sale for May 6, 2014 was provided to the Burciagas.

14.     In accordance with the Order, Deutsche Bank foreclosed on the loan on May 6, 2014.  Deutsche Bank purchased the Property at the sale for $455,784.96.

15.     Subsequently, it was discovered that on or about December 20, 2013, the Burciagas had filed a Motion to Vacate the Home Equity Foreclosure Order in the Foreclosure Suit. Deutsche Bank was not served and did not receive a copy of the Motion to Vacate.

16.     The court's docket in the Foreclosure Suit also reflects a Notice of Hearing on the Motion to Vacate filed on December 20, 2013.  Again, Deutsche Bank was not served and did not receive a copy of the Notice of Hearing.

17.     On January 9, 2014, the court in the Foreclosure Action entered an Order granting Defendants' Motion to Vacate the Home Equity Foreclosure Order.  Deutsche Bank was not served and did not receive a copy of the court's order.

18.     In any event, the court in the Foreclosure Action did not have authority to set aside or vacate the Home Equity Foreclosure Order under Texas Rule of Civil Procedure 736.8(c); *see also In re: Casterline*, No. 13-13-00708-CV, 2014 Tex. App. LEXIS 449, at *10, *16 (Tex. App.—Corpus Christi, January 15, 2014, orig. proceeding).

19.     Deutsche Bank files this Counterclaim requesting the Court declare the May 6, 2014 foreclosure and sale of the Property was valid.  The court in the Foreclosure Suit did not have authority to vacate the Home Equity Foreclosure Order, and in an event, Deutsche Bank

never received a copy of the Motion, the Notice of Hearing, or the order granting the Motion to Vacate.

## V.
## CAUSE OF ACTION – DECLARATORY JUDGMENT

20.     The foregoing paragraphs are incorporated by reference for all purposes.

21.     Deutsche Bank was not serviced and did not receive copies of the Motion to Vacate, the Notice of Hearing, or of the Order vacating the Home Equity Foreclosure Order. Accordingly, the court in the Foreclosure Action did not have authority to enter the order vacating the Home Equity Foreclosure Order.

22.     Therefore, Deutsche Bank seeks a declaration the May 6, 2014 foreclosure and sale of the Property was valid.

23.     Pursuant to Section 37.009 of the Texas Civil Practice and Remedies Code, Deutsche Bank seeks recovery of its costs and attorneys' fees incurred in connection with the handling of this matter through trial and, if necessary, all appeals.

## VI.
## CAUSE OF ACTION – SUIT TO QUIET TITLE

24.     The foregoing paragraphs are incorporated by reference for all purposes.

25.     The Home Equity Foreclosure Order was valid and binding at the time of the May 6, 2014 foreclosure and substitute trustee's sale of the Property.

26.     Deutsche Bank requests the Court quiet title to the Property in favor of it and declare the Burciagas have no interest in same.

## VII.
## CONDITIONS PRECEDENT

27.     The foregoing paragraphs are incorporated by reference for all purposes.

28.     All conditions precedent have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** Deutsche Bank prays the Burciagas be summoned to appear and that on final trial, the Court declare the May 6, 2014 foreclosure and sale of the Property was valid and Deutsche Bank have judgment that it is the title owner of the Property.  Deutsche Bank seeks is attorneys' fees, costs of suit, and all other relief to which it may be entitled.

Respectfully submitted,

By:   */s/ Mark D. Cronenwett*
      **MARK D. CRONENWETT**
      Texas Bar No. 00787303
      mcronenwett@mwzmlaw.com

      **PHILIP W. DANAHER**
      Texas Bar No. 24078395
      pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, P. C.**
14160 North Dallas Parkway, Suite 900
Dallas, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR DEFENDANT /
COUNTER-PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on the 6th day of June, 2014, a true and correct copy of the

foregoing document was delivered via regular U.S. mail to the counsel of record listed below:

Roger M. Yale
Jane M. Gekhman
J. Kevin Young
Yale Law
1417 E. McKinney Street, Suite 220
Denton, Texas 76209
940-891-4800
940-891-1130 (Fax)

             */s/ Mark D. Cronenwett*
             **MARK D. CRONENWETT**