# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JESSE C. BURCIAGA and EDNA K. BURCIAGA | § § § | |
| v. | § § | CIVIL ACTION NO 4:14-CV-367 Judge Mazzant |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, NATIONAL ASSOCIATION | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant/Counter-Plaintiff's Motion for Summary Judgment and Brief in Support on Plaintiff/Counter-Defendant's Claims and on Defendant/Counter Plaintiff's Motion for Summary Judgment on Defendant/Counter-Plaintiff's Counterclaim (Dkt. #34). After reviewing the relevant pleadings, the Court finds that the motion should be granted.

### BACKGROUND

In or about 1999, Plaintiffs purchased a house in Flower Mound, Texas (the "Property") and entered into a Purchase Money Mortgage (Dkt. #4 at ¶¶ 6-7). The Mortgage was subsequently refinanced in 2003 when Plaintiffs executed a Texas Home Equity Fixed/Adjustable Rate Note in the original principal amount of $344,000 (Dkt. #4 at ¶ 7; Dkt. #34 at ¶ 2). The Note and interest in the Security Instrument were subsequently assigned to Defendant in 2003.

Plaintiffs defaulted on their obligation under the Note and Security Instrument (Dkt. #34 at ¶ 6). In or about 2013, Defendant filed a suit for judicial foreclosure (Dkt. #4 at ¶ 8). On December 13, 2013, the 393rd Judicial District Court of Denton County, Texas issued a Home Equity Foreclosure Order (the "Foreclosure Order") that provided that Defendant could proceed with a foreclosure of the loan and sale of the Property (Dkt. #34 at ¶ 9). On December 13, 2013,

1

the Foreclosure Action was closed (Dkt. #34 at ¶ 9). On December 20, 2013, in the same court, Plaintiffs filed a Motion to Vacate the Home Equity Foreclosure Order in the Foreclosure Action and on the same day a Notice of Hearing on the Motion to Vacate was filed (Dkt. #34 at ¶ 13). On January 9, 2014, the state court entered an Order granting Plaintiffs' Motion to Vacate the Foreclosure Order (Dkt. #34 at ¶ 14).

A copy of the Foreclosure Order and a Notice of Sale were sent to Plaintiffs on April 10, 2014 (Dkt. #34 at ¶ 11). Defendant foreclosed on the loan on May 6, 2014 (Dkt. #34 at ¶ 12). Defendant purchased the Property at the sale for $455,784.96 (Dkt. #34 at ¶ 12).

Plaintiffs filed their Original Petition, Application for Temporary Restraining Order, and Application for Temporary Injunction (the "Complaint") on June 4, 2014, in the 393rd Judicial District Court of Denton County, Texas (Dkt. #1; Dkt. #4). Defendant removed the case to this Court on June 6, 2014 (Dkt. #1). On June 6, 2014, Defendant filed its Original Counterclaim (Dkt. #3). Plaintiffs answered the Original Counterclaim on August 12, 2014 (Dkt. #11). On February 24, 2015, Defendant filed its Motion for Leave to File Amended Counterclaim (Dkt. #31) and its Amended Counterclaim (Dkt. #32). On May 21, 2015, Defendant filed Defendant/Counter-Plaintiff's Motion for Summary Judgment and Brief in Support on Plaintiff/Counter-Defendant's Claims and on Defendant/Counter Plaintiff's Motion for Summary Judgment on Defendant/Counter-Plaintiff's Counterclaim (Dkt. #34) which addressed the claims in both the Original Counterclaim and the Amended Counterclaim. On June 5, 2015, Plaintiffs filed Plaintiffs'/Counter-Defendants' Response to Defendant/Counter-Plaiuntiff's Motion for Summary Judgment on Plaintiff's/Counter-Defendants' Claim and Motion for Summary Judgment on Defendant's/Counter-Plaintiff's Counterclaim (Dkt. #35). On June 10, 2015, the Court granted the Motion for Leave to File Amended Counterclaim (Dkt. #36). On June 25,

2015, Defendant filed Defendant/Counter-Plaintiff's Reply in Support of Motion for Summary Judgment (Dkt. #40).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits "[show] that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson*, 477 U.S. at 248.

The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial."

*Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. No "mere denial of material facts nor…unsworn allegations [nor] arguments and assertions in briefs or legal memoranda" will suffice to carry this burden. *Moayedi v. Compaq Computer Corp.*, 98 F. App'x 335, 338 (5th Cir. 2004). Rather, the Court requires "significant probative evidence" from the nonmovant in order to dismiss a request for summary judgment supported appropriately by the movant. *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001). The Court must consider all of the evidence, but must refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

*The Rooker-Feldman Doctrine[1]*

Although the parties do not contest the Court's jurisdiction, federal courts are duty-bound to examine their subject-matter jurisdiction sua sponte. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citing *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884)); *H & D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 328 (5th Cir. 2000). As outlined below, the Rooker-Feldman doctrine impacts the Court's subject-matter jurisdiction. Consequently, the question of whether this action is subject to Rooker-Feldman must be addressed. *See Union Planters Bank Nat. Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004) (examining sua sponte subject matter jurisdiction pursuant to Rooker-Feldman.) (citations omitted).

As the Fifth Circuit recently explained,

---

[1] On September 28, 2015, the Court ordered the parties to brief the issue of jurisdiction and if any claims or counterclaims are barred by the Rooker-Feldman doctrine (Dkt. #43). On October 8, 2015, Defendant filed its Brief Regarding Jurisdiction (Dkt. #46). On October 14, 2015, Plaintiffs filed their Brief Regarding Jurisdiction (Dkt. #49).

> *Exxon*, the Court's most authoritative recent pronouncement on Rooker-Feldman, makes plain that the doctrine has four elements: (1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceedings began; and (4) the federal suit requests review and reversal of the state-court judgment.

*Houston v. Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) *cert. denied sub nom. Houston v. Queen*, 136 S. Ct. 503 (2015) *reh'g denied*, No. 15-311, 2016 WL 101421 (U.S. Jan. 11, 2016) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

This Fifth Circuit has observed that "[a] state court judgment is attacked for purposes of Rooker-Feldman 'when the [federal] claims are inextricably intertwined with a challenged state court judgment,' or where the losing party in a state court action seeks 'what in substance would be appellate review of the state judgment.'" *Weaver v. Tex. Capital Bank, N.A.*, 660 F.3d 900, 904 (5th Cir. 2011) (per curiam) (citations omitted); *see also Houston*, 606 F. App'x. at 730. However, Rooker-Feldman "does not preclude federal jurisdiction over an 'independent claim,' even 'one that denies a legal conclusion that a state court has reached.'" *Weaver*, 660 F.3d at 904 (quoting *Exxon*, 544 U.S. at 293). Indeed, the doctrine "generally applies only where a plaintiff seeks relief that directly attacks the validity of an existing state court judgment." *Weaver*, 660 F.3d at 904. Nonetheless, a party cannot escape Rooker-Feldman by "casting . . . a complaint in the form of a civil rights action." *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994).

In the current case, Plaintiffs assert a trespass to try title claim because Plaintiffs believe that they have superior title. Plaintiffs' argue that they have superior title because the state court's Foreclosure Order was improper and it was later properly vacated by the state court. Plaintiffs also claim they are entitled to a temporary restraining order and a temporary injunction preventing Defendant from enforcing the state court's Foreclosure Order.

Defendant requests that the Court quiet title to the Property in its favor (Dkt. #32 at ¶ 26). Defendant also seeks a declaratory judgment that the May 6, 2014 foreclosure and sale of the Property was valid (Dkt. #32 at ¶ 22). Alternatively, Defendant asserts a claim for judicial or non-judicial foreclosure and breach of contract (Dkt. #32 at ¶ 28).

Defendant's counterclaims are within the Court's subject matter jurisdiction because Defendant is not a "state court loser" under the Foreclosure Order. Defendant seeks to enforce the state court judgment, not attack it. *See Weaver,* 660 F.3d at 904 ("[T]he *Rooker–Feldman* doctrine generally applies only where a plaintiff seeks relief that *directly* attacks the validity of an existing state court judgment." (emphasis added)). Likewise, Plaintiffs are not "state court losers" because they believe that they "won" when the state court vacated the Foreclosure Order and do not seek to set aside the Foreclosure Order.

Furthermore, the parties agree that the injury at issue stems from the sale of the property and not from the state court's Foreclosure Order. Defendant argues that if Rooker-Feldman applies in the current action, then "this Court would be without jurisdiction to hear all cases brought challenging court-ordered foreclosure sales and seeking to invalidate foreclosure sales—an absurd result." (Dkt. #46 at ¶ 8). The Court agrees. However, at several points in the parties' briefs they also argue about the validity of the state court's actions. For example, Plaintiffs argue that "[t]he trial court did not follow the procedural rules set forth in the Texas Rules of Civil Procedure Rule 736.6 when it signed the Foreclosure Order without holding a hearing." (Dkt. #35 at p. 8). However, whether or not the state court made a procedural error is irrelevant. The Texas Rules of Civil Procedure provide that "[a]fter an order is obtained, a person may proceed with the foreclosure process under applicable law and terms of the lien sought to be foreclosed."

Tex. R. Civ. P. 736.9.  Therefore, even if there was a procedural error, the Texas Rules of Civil Procedure provide a remedy.[2]

Additionally, the 393rd Judicial District Court of Denton County, Texas lacked jurisdiction to vacate the Foreclosure Order.  An order obtained under Texas Rule of Civil Procedure 736 "is not subject to a motion for rehearing, new trial, bill of review, or appeal." Tex. R. Civ. P. 736.8(c).  "Any challenges to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction."  *Id.*  Courts determine the nature of a motion by its substance, not its title or caption. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008) (orig. proceeding).  In *In re Casterline*, the court found that because a 'Motion to Reconsider and Reopen' requested the trial court set aside its previous order, reopen the case, and set the matter for a final hearing, the motion was in substance a motion for rehearing or new trial which is prohibited by Rule 736.8(c).  No. 13-13-00708-CV, 2014 WL 217285, at *5 (Tex. App. Jan. 15, 2014).  The same analysis applies to the motion to vacate.  *See In re Brookshire Grocery Co.*, 250 S.W.3d at 73 (holding that the fundamental nature of new trial motion is a request to vacate judgment.).  Thus, the Court has jurisdiction to determine the various claims asserted here.

*Defendant's Declaratory Judgment Counterclaim*

The federal Declaratory Judgment Act states, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration,

---

[2] This is not a situation in which the parties, "rather than seek appellate relief from the Texas Court of Appeals, the Texas Supreme Court and, ultimately, the United States Supreme Court, . . . ask this federal district court to act as a de facto appellate court [.]" *Rainwater v. 21st Mortgage Corp.*, No. 1:09-CV-331, 2010 WL 1330624, at *3 (E.D. Tex. Feb. 25, 2010) *report and recommendation adopted*, No. CIV. A. 1:09-CV-331, 2010 WL 1328845 (E.D. Tex. Mar. 29, 2010).  "Rule 736.8(c) expressly prohibits appeals from orders issued granting or denying the application for expedited foreclosure and requires challenges to be made by separate, independent proceedings[.]"  *In re Casterline*, No. 13-13-00708-CV, 2014 WL 217285, at *5 (Tex. App. Jan. 15, 2014); see Tex. R. Civ. P. 736.8(c); *In re Dominguez*, 416 S.W.3d 700, 708 (Tex. App.—El Paso 2013, orig. proceeding).

whether or not further relief is or could be sought." 28 U.S.C. § 2201. Federal courts have broad discretion to grant or refuse declaratory judgment. *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991). "Since its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). The Declaratory Judgment Act is "an authorization, not a command." *Public Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962). It gives federal courts the competence to declare rights, but does not impose a duty to do so. *Id.*

The Declaratory Judgment Act is a procedural device that creates no substantive rights, and requires the existence of a justiciable controversy. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–241 (1937*); Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). Thus, the Act provides no relief unless there is a justiciable controversy between the parties. The Fifth Circuit stated as follows:

> In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future. Based on the facts alleged, there must be a substantial and continuing controversy between two adverse parties. The plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. Additionally, the continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury.
>
> Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects. To obtain equitable relief for past wrongs, a plaintiff must demonstrate either continuing harm or a real and immediate threat of repeated injury in the future. Similar reasoning has been applied to suits for declaratory judgments.

*Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations and quotations omitted).

Defendant seeks a declaration that "the May 6, 2014 foreclosure and sale of the Property was valid." (Dkt. #32 at ¶ 22). The sale was conducted in a procedurally valid manner. "[C]hapter 51 of the Texas Property Code sets forth a variety of requirements for foreclosure of liens and foreclosure sales involving real property." *Patton v. Porterfield*, 411 S.W.3d 147, 159 (Tex. App. 2013). In particular, section 51.002 establishes the procedures for conducting a foreclosure sale. Tex. Prop. Code § 51.002.

"To effect a valid foreclosure, the holder of a defaulted note must give notice of intent to accelerate with demand for payment and time to cure, notice of acceleration and notice of foreclosure sale at least 21 days before the sale and notice of default at least twenty days before notice of sale." *Clark v. FDIC,* 849 F. Supp. 2d 736, 742 (S.D. Tex. 2011) (citing Tex. Prop. Code § 51.002(b); *Ogden v. Gibraltar Sav. Ass'n,* 640 S.W.2d 232, 233 (Tex. 1982)). Notice to the debtor is satisfied so long as the notice is deposited for delivery to the debtor's last known address by certified mail. Tex. Prop. Code § 51.002(e); *Hill v. Fremont Inv. & Loan,* 2004 WL 1178607, at *3 (Tex. App.—Dallas May 28, 2004, no pet.) (citing *Onwuteaka v. Cohen,* 846 S.W.2d 889, 892 (Tex. App.—Houston [1st Dist.] 1993, writ denied)). The affidavit of a person who has knowledge that service was completed is prima facie evidence of service. Tex. Prop. Code § 51.002(e).

Defendant has provided proof that it gave notice of its intent to accelerate the sale and notice of default within the requisite time period (Dkt. #34-2). Plaintiffs do not deny that they received notice (Dkt. #4 at ¶ 10). Plaintiffs have not identified any other procedural error in the sale. Therefore, the sale was valid as a matter of law.

Defendant produced summary judgment evidence of its interest in the property as both the holder of the loan and as the owner of the title to the Property by virtue of the May 6, 2014,

9

foreclosure sale (Dkt. #34-1; Dkt. #34-2; Dkt. #34-7). Plaintiffs have not raised any arguments or produced any evidence that support an argument that the sale was defective for any other reason than the state court committed error when it issued the Foreclosure Order (Dkt #35 at pp. 15-17). Defendant has presented summary judgment evidence showing that it conducted a valid foreclosure sale and thus has superior title. Therefore, Defendant is entitled to a declaratory judgment that the foreclosure was proper.

*Defendant's Suit to Quiet Title*

Defendant also seeks summary judgment on its suit to quiet title. A suit to quiet title is an equitable remedy to clarify ownership by removing clouds on the title. *See Ford v. Exxon Mobil Chem. Co.,* 235 S.W.3d 615, 618 (Tex. 2007). To establish a claim for suit to quiet title, the party must show the following: (1) an interest in specific property; (2) that title to the property is affected by a claim by the other party; and (3) that the claim, although facially valid, is invalid or unenforceable. *Sadler v. Duvall,* 815 S.W.2d 285, 293, n.2 (Tex. App.—Texarkana 1991, pet. denied). An adverse claim, to constitute a cloud on the title removable by the court, must be one that is valid on its face but is proved by extrinsic evidence to be invalid or unenforceable. *Id.* As discussed above, Defendant produced summary judgment evidence of its interest in the property. Plaintiffs' subsequent claim to the Property, including the claims asserted in this lawsuit, adversely impact Defendant's title to the Property and are invalid for the reasons discussed above. Defendant provided summary judgment evidence proving the existence of each element required for a suit to quiet title. Defendant is entitled to a judgment in its favor as to the propriety of the foreclosure proceedings and the removal of the cloud on its title. *See JP Morgan Chase Bank, N.A. v. Dixon*, 541 F. App'x 423, 429 (5th Cir. 2013) (holding that the district court did not err, "in rendering judgment in favor of J.P. Morgan as to the

propriety of the foreclosure proceedings, Freddie Mac's superior title to the Property, and the removal of the cloud on the title resulting from the recordation of the (now vacated) state court default judgment.").

*Plaintiffs' Trespass to Try Title Claim*

Defendant seeks summary judgment on Plaintiffs' trespass to try title claim (Dkt. #34 at p. 10). "To prevail in a trespass-to-try-title action, [a party] must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* Defendant is entitled to summary judgment on Plaintiffs' trespass to try title claim because, as explained above, Plaintiffs have not established superior title.

*The Texas Civil Practices and Remedies Code*

Plaintiffs claim Defendant violated the Texas Civil Practices and Remedies Code when it used the Foreclosure Order to sell the Property because the Foreclosure Order had been vacated.

The Texas Civil Practices and Remedies Code § 12.002(a), provides:

> A person may not make, present, or use a document or other record with: (1) knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
>
> (2) intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
>
> (3) intent to cause another person to suffer:

(A) physical injury;

(B) financial injury; or

(C) mental anguish or emotional distress.

Tex. Civ. Prac. & Rem. Code Ann. § 12.002. Someone who violates the statute may become liable to an injured person to the greater of $10,000 or the actual damages caused by such violation in addition to incurring liability for court costs, reasonable attorney's fees, and even exemplary damages as determined by the court. Tex. Civ. Prac. & Rem. Code Ann. § 12 .002(b).

Section 12.002 requires a showing that Defendants made, presented, or used a document with: (1) knowledge that the document was a fraudulent lien or claim against real or personal property or an interest in real or personal property; (2) intent that the document or other record be given legal effect; and (3) intent to cause another person to suffer: (A) physical injury; (B) financial injury; or (C) mental anguish or emotional distress. Tex. Civ. Prac. & Rem. Code Ann. § 12.002(a). A plaintiff has the burden of proving all three elements of its claim. *Aland v. Martin*, 271 S.W.3d 424, 430 (Tex. App.—Dallas 2008, no pet.).

Plaintiffs have failed to provide evidence that support the injury element of their claim. In *Golden v. Wells Fargo Bank, N.A.*, the Fifth Circuit held that the plaintiffs failed to adequately plead the injury element because the defendant only used the allegedly fraudulent document to foreclose on a property "for business purposes" and the plaintiffs did not allege facts showing that their property would not be subject to foreclosure absent the allegedly fraudulent document. 557 F. App'x 323, 327 (5th Cir. 2014); *see also Trang v. Bean*, 600 F. App'x 191, 193 (5th Cir. 2015) (granting summary judgment because the plaintiff failed to allege facts tending to show that the defendant acted with intent to cause financial injury or mental anguish, rather than just for business purposes.). Therefore, Defendant is entitled to summary judgment on Plaintiffs'

claim that Defendant violated the Texas Civil Practice and Remedies Code and Plaintiffs are not entitled to reasonable attorney's fees and costs pursuant to this claim.

*Plaintiff's Request for Injunctive Relief*

Defendant seeks summary judgment on Plaintiffs' request for injunctive relief. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends upon an underlying cause of action." *Marsh v. Wells Fargo Bank, N.A.*, 760 F. Supp. 2d 701, 708 (N.D. Tex. 2011) (citing *Cook v. Wells Fargo Bank, N.A.*, No. 3:10–cv–592–D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010)). All of Plaintiffs' claims have been dismissed. Therefore, Defendant is entitled to summary judgment on Plaintiffs' request for injunctive relief as a matter of law.

## CONCLUSION

It is therefore **ORDERED** that Defendant's First Motion for Summary Judgment on its counterclaims and declaratory judgment (Dkt. #34) is hereby **GRANTED**.

The Court hereby declares that the foreclosure sale in this action that occurred on May 6, 2014, in connection with property located at 4809 Amber Court, Flower Mound, Texas 75028, was valid, and enters this order quieting title in favor of Defendant.

It is further **ORDERED** Plaintiffs' claims are hereby **DISMISSED** with prejudice.
**SIGNED this 3rd day of February, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

13