# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JESSE C. BURCIAGA and EDNA K. BURCIAGA | § § § | |
| v. | § § | CASE NO. 4:14-CV-367 |
| | | Judge Mazzant |
| DEUTCHE BANK NATIONAL TRUST COMPANY, NATIONAL ASSOCIATION | § § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Jesse C. Burciaga and Edna K. Burciaga's Motion for Reconsideration (Dkt. #56). After reviewing the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

In or about 2013, Defendant filed a suit for judicial foreclosure due to Plaintiffs' default on their mortgage (Dkt. #4 at ¶¶ 4, 8). On December 13, 2013, the 393rd Judicial District Court of Denton County, Texas issued a Home Equity Foreclosure Order (the "Foreclosure Order") that provided that Defendant could proceed with a foreclosure of the loan and sale of the Property (Dkt. #34 at ¶ 9). On December 13, 2013, the Foreclosure Action was closed (Dkt. #34 at ¶ 9). On December 20, 2013, in the same court, Plaintiffs filed a Motion to Vacate the Home Equity Foreclosure Order in the Foreclosure Action and on the same day a Notice of Hearing on the Motion to Vacate was filed (Dkt. #34 at ¶ 13). On January 9, 2014, the state court entered an Order granting Plaintiffs' Motion to Vacate the Foreclosure Order (Dkt. #34 at ¶ 14).

A copy of the Foreclosure Order and a Notice of Sale were sent to Plaintiffs on April 10, 2014 (Dkt. #34 at ¶ 11). Defendant foreclosed on the loan on May 6, 2014 (Dkt. #34 at ¶ 12). Defendant purchased the Property at the sale for $455,784.96 (Dkt. #34 at ¶ 12).

1

Plaintiffs filed their Original Petition, Application for Temporary Restraining Order, and Application for Temporary Injunction (the "Complaint") on June 4, 2014, in the 393rd Judicial District Court of Denton County, Texas (Dkt. #1; Dkt. #4). Defendant removed the case to this Court on June 6, 2014 (Dkt. #1). On June 6, 2014, Defendant filed its Original Counterclaim (Dkt. #3). Plaintiffs answered the Original Counterclaim on August 12, 2014 (Dkt. #11). On February 24, 2015, Defendant filed its Motion for Leave to File Amended Counterclaim (Dkt. #31) and its Amended Counterclaim (Dkt. #32).

On May 21, 2015, Defendant filed a motion for summary judgment (Dkt. #34) which addressed the claims in both the Original Counterclaim and the Amended Counterclaim. On June 5, 2015, Plaintiffs filed a response (Dkt. #35). On June 10, 2015, the Court granted the Motion for Leave to File Amended Counterclaim (Dkt. #36). On June 25, 2015, Defendant filed its response in support of the motion for summary judgment (Dkt. #40).

On February 3, 2015, the Court issued a Memorandum Opinion and Order that granted Defendant's motion for summary judgment (Dkt. #54). Also on February 3, 2015, the Court issued Final Judgment (Dkt. #55). On February 9, 2016, Plaintiffs filed their Motion for Reconsideration (Dkt. #56). On February 26, 2015, Defendant filed its response to the Motion for Reconsideration (Dkt. #57).

**LEGAL STANDARD**

Although Federal Rule of Civil Procedure 54(b) applies to motions for reconsideration of an interlocutory order, courts have utilized the standards of Rule 59 when analyzing such motions. *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009) ("considerations similar to those under Rules 59 and 60 inform the Court's analysis"); *T-M Vacuum Prod., Inc. v. TAISC, Inc.*, No. H-07-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16,

2008), *aff'd sub nom. T-M Vacuum Prod. v. Taisc, Inc.*, 336 Fed. Appx. 441 (5th Cir. 2009) ("Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders."). "Although the general rule is that motions for reconsideration will not be considered when filed more than [twenty-eight] days after the judgment at issue is entered, this deadline does not apply to the reconsideration of interlocutory orders." *T-M Vacuum Prod., Inc.*, 2008 WL 2785636, at *2 (citing *Standard Quimica De Venez. v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 204 (D.P.R. 1999)).[1] Therefore, "[a] court may consider a motion to reconsider an interlocutory order so long as the motion is not filed unreasonably late." *Id.* (citing *Standard Quimica De Venez.*, 189 F.R.D. at 205; *Martinez v. Bohls Equip. Co.*, No. SA-04-CA-0120-XR, 2005 WL 1712214, at *1 (W.D. Tex. July 18, 2005)).

A motion seeking reconsideration, "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). "Rule 59(e) 'serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Relief under 59(e) is also appropriate when there has been an intervening change in the controlling law." *Milazzo v. Young*, No. 6:11-CV-350, 2012 WL 1867099, at *1 (E.D. Tex. May 21, 2012) (citing *Schiller v. Physicians Res. Grp.*, 342 F.3d 563, 567 (5th Cir. 2003)). "Altering, amending, or reconsidering a judgment is an extraordinary remedy that courts should use sparingly." *Id.* (citing *Templet*, 367 F.3d at 479).

---

[1] Federal Rule of Civil Procedure 59(e) was amended in 2009, in which it provided for the twenty-eight day limitation. The case referenced by the Court, uses the original ten day limit, as it was decided before the amendment took effect.

## ANALYSIS

Plaintiffs assert that the Court should reconsider the Court's Final Judgment (Dkt. #55). Plaintiffs argue that the Court committed error when it declared that the Home Equity Foreclosure Order was valid because Defendant "did not timely challenge the State Court's order dismissing their Home Equity Foreclosure Application and the Dismissal Order became final on July 22, 2015." (Dkt. #56 at p. 3). Plaintiffs cite two cases in support of this contention. *See Estate of Merkel*, No. 05-14-01596-CV, 2016 WL 462569 (Tex. App.—Dallas Feb. 5, 2016, no pet.) (mem. op.); *Tillotson v. Washington*, No. 05-07-00861-CV, 2008 WL 2009743 (Tex. App.—Dallas May 12, 2008, no pet.) (mem. op.).

Plaintiffs maintain that

> [t]he dismissal of the State Court action acts as a nullity for either the order authorizing the foreclosure or the subsequent vacating of the improvident order. This Court lacks the authority to reform the State Court order because any subsequent order entered after a case has been dismissed and is not properly reinstated is of no effect.

(Dkt. #56 at pp. 3-4). Therefore, Plaintiffs claim that "[b]ecause the State Court order is now a nullity, whether granted providently or not, there was never authority to conduct a foreclosure sale under the scheme provided for in the Texas Rules of Civil Procedure." (Dkt. #56 at p. 4).

Defendant argues that the cases Plaintiffs cite are distinguishable from the current case. This is because "Plaintiffs rely on authority they claim stands for the proposition that when a court dismisses a case for want of prosecution, it does not retain jurisdiction to enter later orders in the case (Dkt. #57 at ¶ 6). However, "[t]his case is distinguishable because here the state court entered the foreclosure order *before* it dismissed the underlying case for want of prosecution, and the case was dismissed *after* the foreclosure sale was completed." (Dkt. #57 at ¶ 6). The Court agrees with Defendant that, "[n]othing in the authority cited by Plaintiffs suggests that an order entered before a case is dismissed is invalid, much less that such an order would render a

foreclosure sale like the one in this case invalid." (Dkt. #57 at ¶ 6). *Estate of Merkel*, 2016 WL 462569, at *2 (holding that since "there had been no timely challenge of the trial court's February 2005 order dismissing for want of prosecution and the order became final thirty days later . . . the trial court had no authority to issue the September 2008 order"); *Tillotson*, 2008 WL 2009743, at *1 (finding that where the district court dismissed the case and then entered a judgment without signing an order reinstating the case, "the dismissal order became final and the liability judgment [was] of no effect."). "A 'manifest error' is not demonstrated by the disappointment of the losing party." The Court finds that Plaintiffs have not demonstrated a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *See R.B. v. Livers*, 2014 WL 1328000, at *1. Therefore, the Court finds that Plaintiffs' Motion for Reconsideration should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Reconsideration (Dkt. #56) is hereby **DENIED**.

**IT IS SO ORDERED.**
**SIGNED this 12th day of May, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE